IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRENT SCOTT BAILEY,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) )  Case No. 20-cv-759-SMY |
| **USA,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Brent Scott Bailey, currently incarcerated at the USP Marion, Illinois, filed the instant action pursuant to 28 U.S.C. § 2241 (Doc. 1). He raises several claims for relief which are all related to his September 2012 conviction and sentence for receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *U.S. v. Bailey,* 2013 WL 6713173 (D. Neb. 2013).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct sentence in the District Court for the District of Nebraska that was denied on December 19, 2013. *Id*. A subsequent Petition filed pursuant to § 2241 was likewise denied on July 14, 2017. *Brent Scott Bailey v. United States of America*, 8:17-cv-254-JMG-PRSE (D. Neb. 2017). Petitioner's multiple

---

[1] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

attempts to file second or successive § 2255 motions have been denied by the Eighth Circuit Court of Appeals. *See* Case # 15-3101 (December 30, 2015); 16-3095 (November 21, 2016); 17-1663 (June 1, 2017); 18-3406 (February 14, 2019); 19-2258 (August 13, 2019); and, 20-1369 (July 13, 2020). Having failed to secure his release from the Eighth Circuit, Petitioner now seeks the same relief from this Court pursuant to § 2241.

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); 28 U.S.C. § 2244. Additionally, he may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). However, under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241.

Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a successive § 2255 petition is not, in and of itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate

remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

"A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611. Petitioner has not made such a demonstration. Indeed, this case is merely an attempt to make an end-run around § 2255 and the Eighth Circuit Court of Appeal's decisions denying Petitioner the opportunity to file second or successive § 2255 motions.

## Disposition

Petitioner is not entitled to relief under § 2241, and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  August 12, 2021**

**STACI M. YANDLE**
**United States District Judge**